IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMUNICATIONS WORKERS OF )<br>AMERICA, AFL-CIO, CLC )<br>501 Third Street, N.W. )<br>Washington, D.C. 20001-2797, )<br>(202-434-1234) )<br>)<br>            Plaintiff, )<br>)<br>v. )<br>)<br>VERIZON SERVICES CORP, )<br>1710 H Street, N.W., )<br>Washington, D.C. 20006, )<br>)<br>            Defendant. )<br>_____) | C.A. No. _____ |

**COMPLAINT**

The Plaintiff, Communications Workers of America, AFL-CIO, hereby submits this Complaint against Verizon pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. §185, for breach of a collective-bargaining agreement and to compel arbitration of two contractual grievance disputes.

    1.   This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §185(a) and 28 U.S.C. §§ 1331 and 1337.

    2.   Venue is proper in this district under 28 U.S.C. §1391(b)(1), (c) and 29 U.S.C. §185(a).

    3.   Plaintiff is an unincorporated labor organization representing employees of Defendant in an industry affecting commerce pursuant to 29 U.S.C. §§ 142, 152(5), 152(7), and 185.

Plaintiff is the exclusive collective bargaining representative of a unit of certain employees employed by Defendants in their Washington, D.C. and Virginia, and other facilities.

4.  Defendant Verizon Services Corp. and Verizon, Maryland, Inc. are employers in an industry affecting commerce within the meaning of 29 U.S.C. §§142, 152(2), 152(7), and 185.  Defendant Verizon Services Corp. is a Delaware corporation doing business within the District of Columbia.  Verizon Maryland, Inc. is a Maryland corporation doing business in Washington, D.C.  Verizon Services Corp. And Verizon, Maryland, Inc. are connected companies and signatories to a collective bargaining agreement with Plaintiff, Communications Workers of America.  (The combined companies are referred to herein as "Verizon.")

5.  For many years, Plaintiff ("CWA" herein) and Verizon have been parties to successive collective bargaining agreements covering the working conditions of the employees in the bargaining unit represented by CWA.  The term of the collective bargaining agreement (the "Agreement" herein) covering Verizon's operations giving rise to the instant dispute is August 3, 2003 to August 2, 2008.

6.  The parties' Agreement, Articles 12 and 13, provide for grievances of, and binding arbitration, concerning disputes relating to a claimed breach of the Agreement.  Article 1 of the parties' contract relates to the companies' recognition of CWA as

the exclusive collective bargaining representative and the employers' obligation to bargain collectively regarding wages, hours, and other conditions of employment. Article 2 provides specifically for collective bargaining rights among the parties. These rights are subject to the arbitration procedures found in Article 13, as are any other grievances involving "the interpretation or application of any of the terms of th[e] Agreement not specifically excluded from arbitration." In addition, the parties' agreement contains a so-called merger clause and zipper clause in Article 41 that holds the parties to the terms of the agreement and precludes agreements (or unilateral changes) that are not based on mutual written agreement. Article 41 is also subject to arbitration.

7. In approximately June 2005 CWA appealed a grievance to arbitration related to the Verizon's change in terms and conditions of employment related to the Tuition Assistance Plan. The grievance cited Articles 1, 2, and 41 as the basis for the grievance and the subjects for arbitration.

8. The parties' contract also contains provisions related to sub-contracting of unit work, in Article 39, and provisions for procedures to be followed during a declaration of "force adjustment" or "surplus" and layoffs due to a lack of work and other factors. The surplus and layoff language is found in Article 35. Both Articles 35 and 39 are subject to arbitration.

9. On March 31, 2006, CWA appealed a grievance to arbitration related to the company's declaration of surplus and its use of sub-contractors related to work which the bargaining unit could perform and which would have alleviated, at least in part, the necessity for the surplus. CWA cited Articles 1, 2, 35, 36, 39, and 41. (The reference to Article 36 relates to "buy-out" packages offered to the employees in lieu of surplus or layoff. Article 36 is not subject to arbitration, and CWA does not seek to arbitrate any claim based on Article 36.)

10. Verizon has refused to arbitrate the grievance related to the Tuition Assistance Plan, which is based on Articles 1, 2, and 41 of the contract.

11. Verizon has also refused to arbitrate the grievance related to the surplus and related sub-contracting, which is based on Articles 1, 2, 35, 39, and 41.

12. Verizon claims that both grievances are not substantively arbitrable, although it is undisputed that the Articles referred to are specifically arbitrable.

13. By refusing to submit the Tuition Assistance Plan (Articles 1, 2 and 41) grievance to arbitration, Verizon has breached the collective bargaining agreement.

14. By refusing to submit the surplus/sub-contracting grievance (under Articles 1, 2, 35, 39, and 41) to arbitration, Verizon has also breached the collective bargaining agreement.

15. Defendant's refusal to abide by the specific terms of the Agreement is improper and unlawful. Concerning the "TAP" grievance, Verizon does not dispute that Article 1, 2, and 41 are arbitrable provisions. Rather, Verizon claims merely that these provisions are inapplicable to the dispute and that CWA may not arbitrate changes in company "policies." Verizon invokes no other basis for refusing to arbitrate the TAP grievance. Concerning the "surplus/sub-contracting" grievance, Verizon does not dispute that Article 1, 2, 35, 39, and 41 are subject to arbitration. Instead, Verizon alleges that disputes about buy-outs (within Article 36) are not arbitrable, and therefore it refuses to arbitrate any dispute which it considers related to that issue. CWA has disavowed any attempt to arbitrate issues under Article 36, but Verizon refuses to arbitrate nonetheless. Such a claim is expressly contrary to the binding law of this Circuit, created by counsel for these same parties. *Washington Mailers Union, No. 29 affiliated with the Communications Workers of America v. Washington Post Co.*, 233 F.3d 587 (2000). In both instances, Verizon's refusal to submit the grievances to arbitration is without justification and is frivolous. The articles cited by CWA in the demand for arbitration are unquestionably subject to arbitration and Verizon does not claim otherwise.

WHEREFORE, Plaintiff CWA prays for relief as follows:

A. That this Court issue an order compelling Defendants to submit the grievances to arbitration in compliance with the terms of the collective bargaining agreement;

B. That Plaintiff CWA be awarded the costs and attorney's fees incurred in bringing this action, and

C. Such other relief as may be just and proper.

Respectfully Submitted,

COMMUNICATIONS WORKERS OF AMERICA,
AFL-CIO, CLC

/s/ Mark F. Wilson
Mark Ford Wilson, Esq.
D.C. Bar No. 428245
501 Third Street, N.W.
Suite 800
Washington, D.C. 20001-2797
(202) 434-1234

Attorney for Plaintiff

dated this 9th day
of November, 2006

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Communications Workers of America, AFL-CIO, CLC

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

Verizon Services Corp.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Mark Ford Wilson
501 3rd Street, NW, Washington, DC 20001-2797

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255* <br> ☐ 530 Habeas Corpus-General <br> ☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination* <br> ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br> *(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT* <br> ☐ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions (if Privacy Act) <br><br> *(If pro se, select this deck)* | ☐ J. *Student Loan* <br> ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)* <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☒ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)* <br> ☐ 441 Voting (if not Voting Rights Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☐ 445 American w/Disabilities-Employment <br> ☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract* <br> ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☐ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | ☐ N. *Three-Judge Court* <br> ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

☐ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Sec. 301 of LMRA, 29 U.S.C. Sec. 185 - action to compel arbitration of labor disputes

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  ☐    DEMAND $ _____  Check YES only if demanded in complaint  JURY DEMAND: ☐ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY

(See instruction)   ☐ YES   ☐ NO   If yes, please complete related case form.

DATE 11/9/06    SIGNATURE OF ATTORNEY OF RECORD   /s/

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

   I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

   III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

   IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

   VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

   VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.