RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

2006 NOV 30  PM 4: 43

NANCY M.
MAYER-WHITTINGTON
CLERK

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO, CLC<br>501 Third Street, N.W.<br>Washington, D.C. 20001-2797,<br>(202-434-1234)<br><br>  Plaintiff,<br><br>v.<br><br>VERIZON SERVICES CORP,<br>1710 H Street, N.W.,<br>Washington, D.C. 20006,<br><br>  Defendant. | C.A. No. 1:06CV01919-(ESH) |

RECEIVED
DEC 1 - 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**First AMENDED COMPLAINT**

The Plaintiff, Communications Workers of America, AFL-CIO, hereby submits this Complaint against Verizon pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. §185, for breach of a collective-bargaining agreement and to compel arbitration of two contractual grievance disputes.

1.  This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §185(a) and 28 U.S.C. §§ 1331 and 1337.

2.  Venue is proper in this district under 28 U.S.C. §1391(b)(1), c) and 29 U.S.C. §185(a).

3.  Plaintiff is an unincorporated labor organization representing employees of Defendant in an industry affecting commerce pursuant to 29 U.S.C. §§ 142, 152(5), 152(7), and 185. Plaintiff is the exclusive collective bargaining representative

of a unit of certain employees employed by Defendants in their Washington, D.C. and Virginia, and other facilities.

4.   Defendant Verizon Services Corp. and Verizon, Maryland, Inc. are employers in an industry affecting commerce within the meaning of 29 U.S.C. §§142, 152(2), 152(7), and 185. Defendant Verizon Services Corp. is a Delaware corporation doing business within the District of Columbia. Verizon Maryland, Inc. is a Maryland corporation doing business in Washington, D.C. Verizon Services Corp. And Verizon, Maryland, Inc. are connected companies and signatories to a collective bargaining agreement with Plaintiff, Communications Workers of America. (The combined companies are referred to herein as "Verizon.")

5.   For many years, Plaintiff ("CWA" herein) and Verizon have been parties to successive collective bargaining agreements covering the working conditions of the employees in the bargaining unit represented by CWA. The term of the collective bargaining agreement (the "Agreement" herein) covering Verizon's operations giving rise to the instant dispute is August 3, 2003 to August 2, 2008.

6.   The parties' Agreement, Articles 12 and 13, provide for grievances of, and binding arbitration, concerning disputes relating to a claimed breach of the Agreement. Article 1 of the parties' contract relates to the companies' recognition of CWA as the exclusive collective bargaining representative and the employers' obligation to bargain collectively regarding wages, hours, and other conditions of employment. Article 2 provides

specifically for collective bargaining rights among the parties. These rights are subject to the arbitration procedures found in Article 13, as are any other grievances involving "the interpretation or application of any of the terms of th[e] Agreement not specifically excluded from arbitration." In addition, the parties' agreement contains a so-called merger clause and zipper clause in Article 41 that holds the parties to the terms of the agreement and precludes agreements (or unilateral changes) that are not based on mutual written agreement. Article 41 is also subject to arbitration.

7. In approximately June 2005 CWA appealed a grievance to arbitration related to the Verizon's change in terms and conditions of employment related to the Tuition Assistance Plan. The grievance cited Articles 1, 2, and 41 as the basis for the grievance and the subjects for arbitration.

8. The parties' contract also contains provisions related to sub-contracting of unit work, in Article 39, and provisions for procedures to be followed during a declaration of "force adjustment" or "surplus" and layoffs due to a lack of work and other factors. The surplus and layoff language is found in Article 35. Both Articles 35 and 39 are subject to arbitration.

9. On March 31, 2006, CWA appealed a grievance to arbitration related to the company's declaration of surplus and its use of sub-contractors related to work which the bargaining unit could perform and which would have alleviated, at least in

part, the necessity for the surplus. CWA cited Articles 1, 2, 35, 36, 39, and 41. (The reference to Article 36 relates to "buy-out" packages offered to the employees in lieu of surplus or layoff. Article 36 is not subject to arbitration, and CWA does not seek to arbitrate any claim based on Article 36.)

10. Verizon has refused to arbitrate the grievance related to the Tuition Assistance Plan, which is based on Articles 1, 2, and 41 of the contract.

11. Verizon has also refused to arbitrate the grievance related to the surplus and related sub-contracting, which is based on Articles 1, 2, 35, 39, and 41.

12. Verizon claims that both grievances are not substantively arbitrable, although it is undisputed that the Articles referred to are specifically arbitrable.

13. By refusing to submit the Tuition Assistance Plan (Articles 1, 2 and 41) grievance to arbitration, Verizon has breached the collective bargaining agreement.

14. By refusing to submit the surplus/sub-contracting grievance (under Articles 1, 2, 35, 39, and 41) to arbitration, Verizon has also breached the collective bargaining agreement.

15. Defendant's refusal to abide by the specific terms of the Agreement is improper and unlawful. Concerning the "TAP" grievance, Verizon does not dispute that Article 1, 2, and 41 are arbitrable provisions. Rather, Verizon claims merely that these provisions are inapplicable to the dispute and that CWA may not arbitrate changes in company "policies." Verizon invokes no

other basis for refusing to arbitrate the TAP grievance. Concerning the "surplus/sub-contracting" grievance, Verizon does not dispute that Article 1, 2, 35, 39, and 41 are subject to arbitration. Instead, Verizon alleges that disputes about buy-outs (within Article 36) are not arbitrable, and therefore it refuses to arbitrate any dispute which it considers related to that issue. CWA has disavowed any attempt to arbitrate issues under Article 36, but Verizon refuses to arbitrate nonetheless. Such a claim is expressly contrary to the binding law of this Circuit, created by counsel for these same parties. *Washington Mailers Union, No. 29 affiliated with the Communications Workers of America v. Washington Post Co.*, 233 F.3d 587 (2000). In both instances, Verizon's refusal to submit the grievances to arbitration is without justification and is frivolous. The articles cited by CWA in the demand for arbitration are unquestionably subject to arbitration and Verizon does not claim otherwise.

16. CWA has requested arbitration of a number of other pending grievances. In each of these cases, Verizon has refused to arbitrate, in whole or in part, despite that such arbitration appeals relate to subjects under the contract that are expressly arbitrable. Many of the employer's refusals to arbitrate are based on allegations of timeliness or other alleged procedural defects, or are based on the employer's analysis of the merits of the case and its own determination that CWA's contractual

allegations are not related to the facts of the dispute. None of these defenses deals with substantive arbitrability, so each such refusal to arbitrate is improper and such claims should be submitted to the arbitrator for resolution. The company's further refusals to arbitrate are listed below.

(A) "DMBC Group" grievance (Company grievance number G05-167295). This case involves the unilateral implementation of an attendance bonus luncheon that was denied to Family and Medical Leave Act ("FMLA") users. CWA grieved this as a violation of Article 41 and as a form of FMLA discrimination and harassment (Article 11). The company claimed that Articles 11 and Article 41 had no application to this case and that the controversy was moot. While it initially refused to arbitrate, it has since agreed to reconsider. However, it has not as yet provided any further position on this arbitration demand.

(B) "Dean Wilder" grievance (Company grievance number 2004-106569). This case also involves an attendance bonus plan unilaterally adopted that CWA also claims was discriminatorily applied to deny participation to FMLA users. Again, CWA is contesting Verizon's unilateral implementation of a bonus and incentive plan as well as its exclusion of FMLA users. CWA has cited Articles 11 and 41, both of which are arbitrable. Verizon claims that Article 11 does not apply and that the grievance does not involve any contractual issues. These are defenses about the

merits, however. Article 11 and Article 41 are clearly subject to arbitration.

©) "Rodney Leonard termination" grievance (Company grievance number 2002-95062). This grievance is arbitrable pursuant to Article 12, which provides for arbitration of terminations based on "just cause." The Company claims the union's arbitration appeal was untimely and as a result, it refuses to arbitrate.

(D) "Natina Chin" grievance (Union grievance number 06-46-2001). This case relates to unilaterally adopted restrictions on fund raising where the union alleged violation of past practice, Articles 1 and 41 regarding cessation of fund-raising activities. The contract also expressly authorizes the arbitration of past practice claims. (see "Agreement Continuation" LOU (pg. 114-115 which specifically authorizes arbitration of past practices.)

(E) "Roger Stillwell/PEP" grievance (Company Grievance number G06-004132). This case relates to the unilaterally adopted performance plan as well as discipline of an employee pursuant to that plan. CWA cited Articles 1 and 41 and disparate and unfair treatment. Verizon claims the issues do not relate to arbitrable subjects, and therefore refuses to arbitrate. The Union's claims specifically relate to contract articles that are specifically arbitrable.

(F) "Alice Duff/Auditing Service Orders" grievance (Company grievance number G06-010490). This case relates to the

unilateral change of working conditions and the assignment of oversight duties. CWA claimed violations of Articles 1 & 41. The company's response was that CWA's cited contract articles have nothing to do with dispute.

(G) "Jean Nuzum - Termination" grievance (Company grievance number G05-169878). The company claims the grievance was not timely appealed to arbitration, and as a result, it has refused to arbitrate.

(H) "Bill Swan/Pre-Spliced Fiber" grievance (Company Grievance number G06-007585). CWA claims that the company's use of contractors to perform work violates the contractual "Broadband Agreement" as well as Articles 1 and 41. Verizon has agreed to arbitrate the Broadband Agreement issue, but has refused to arbitrate the Article 1 and 41 claims.

(I) "Local 2201/New Work Group" grievance (Company grievance number G06-007802). CWA is claiming that the new work group implementation violated Article 41 and was a form of "unfair treatment." Verizon claims that since the local was unable to fully articulate the basis for the Article 41 claim, the company does not have to arbitrate this issue.

(J) "Alison Brown/Appraisal" grievance (Company grievance number G06-012746). The company claims the grievance is not arbitrable since it was not appealed in a timely manner.

(K) "Armando Ferrera/Denied Transfer" grievance (Company grievance number G06-004174). The company claims that the company is willing to arbitrate CWA's Article 11 (discrimination) claim, but that it does not agree to arbitrate whether the company violated the ADA (Americans with Disabilities Act). Article 11 of the contract specifically provides that the company will not "unlawfully discriminate" on the basis of "disability", so it is CWA's request that the disability discrimination provision be arbitrated, including whether the ADA was violated. Whether Article 11 includes ADA "disability" claims is for the arbitrator to determine. Article 11 is clearly subject to arbitration.

(L) "David Deuber/Pay Withheld" grievance (Company grievance number G05-171479). In this case, CWA is claiming a violation of the sick pay language (Article 32) as well as Article 41 (based on the unilateral change in working conditions). The company states that CWA's Article 41 claim was not sufficiently alleged during the grievance and therefore the company does not agree to arbitrate that issue.

(M) "Barry Meador/Refused Information" grievance (Company grievance number G05-170735). The company agreed to arbitrate the dispute surrounding the denial of information to the grievant, pursuant to Article 12. However, the company refuses to arbitrate other issues concerning unfair treatment and

practice, and that the company changed its position about the original issue.

(N) "Alice Duff/DSL Sales Objectives" grievance (Company grievance number G06-012649). In this case, the Union is challenging the application of certain sales objectives/goals. The sales goals are directly related to the employees' annual appraisals. The company claims that sales "incentives" are not arbitrable and has refused to arbitrate this case. The case is not related to sales incentives, however (which are not arbitrable). Instead, it is related to appraisal objectives. The appeal refers to Articles 1 and 41, which are clearly arbitrable.

O) "Harrisonburg Sales Associates/Sales Objectives" grievance (Company grievance number G06-008995). The grievance relates to phone mart sales employees. They have grieved the implementation of new sales goals, pursuant to Article 41 and the company's failure to adjust existing sales goals when company sales systems are down for substantial periods. In its response, Verizon has claimed simply that it does not believe that Article 41 is involved in this case.

(P) "Company Use of V-Bucks" grievance (Company grievance number G06-003090). CWA has challenged the unilateral implementation of another bonus plan for attendance, based on Articles 1 and 41, as well as Article 11 in that it discriminates

against FMLA users who are denied participation based on their "disability". Verizon claims that Articles 1 and 41 have nothing to do with this dispute and that Article 11 does not include FMLA claims. Articles 1, 11, and 41 are clearly subject to arbitration.

(Q) "Jonathan Murphy by-pass for promotion" grievance (Company grievance number 178328). In this case, the grievant alleged he was denied a promotion due to a change in company policy. The company denied arbitration of the Article 34 (seniority) dispute, since it claimed the grievant had not raised an actual promotion that he was denied. In fact, the grievant did identify a requisition (promotion) that he was denied.

®) "Local 2204 Consultants Group" grievance (Company grievance number 2004-111586). CWA challenged the procedures for assigning overtime. CWA cited the "Overtime Administration" agreement in the CBA (which is arbitrable). However, the Company refuses to arbitrate based on the inclusion of a non-arbitrable "seniority" issue, despite that CWA has disavowed any intent to arbitrate a seniority issue under Article 34.

(S) "Mary McCoy - Suspension" grievance (Company grievance number G05-177697). This case deals with arbitrable discipline pursuant to Article 12 ("just cause"). The company has refused to arbitrate, claiming that the grievance was "untimely."

17. Each of the above grievances is directly related to an arbitrable provision of the CBA. By failing and refusing to arbitrate these grievances, Verizon has violated the contract.

WHEREFORE, Plaintiff CWA prays for relief as follows:

A. That this Court issue an order compelling Defendants to submit the grievances to arbitration in compliance with the terms of the collective bargaining agreement;

B. That Plaintiff CWA be awarded the costs and attorney's fees incurred in bringing this action, and

C. Such other relief as may be just and proper.

Respectfully Submitted,

COMMUNICATIONS WORKERS OF AMERICA,
AFL-CIO, CLC

*Mark F. Wilson* /kpm

Mark Ford Wilson, Esq.
D.C. Bar No. 428245
501 Third Street, N.W.
Suite 800
Washington, D.C. 20001-2797
(202) 434-1234

Attorney for Plaintiff

dated this 30$^h$ day
of November, 2006